236-296891-17

FILED
TARRANT COUNTY
12/14/2017 4:45 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. _____

| | | |
|---|---|---|
| HILDA OCHOA, | § § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| v. | § § | TARRANT COUNTY, TEXAS |
| | § § § | |
| JAMA Y. ALI and FAF INC., | § § § | |
| | § | \_\_\_\_ JUDICIAL DISTRICT |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL PETITION,
JURY DEMAND AND REQUEST FOR DISCLOSURE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, HILDA OCHOA (hereinafter "Plaintiff") and files this Original Petition, Jury Demand, and Request for Disclosure against Defendants JAMA Y. ALI and FAF INC. (collectively "Defendants") and alleges as follows:

**I.**

**DISCOVERY CONTROL PLAN**

1.    Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that she seeks damages



that are within the jurisdictional limits of the Court. Pursuant to Rule 47, Plaintiff states that she is seeking monetary relief over $1,000,000.00.

## II.
## PARTIES

2. Plaintiff HILDA OCHOA is an individual residing in Arlington, Texas. The last three numbers of Plaintiff's social security identification are 282 and the last three numbers of her driver's license are 339.

3. Defendant JAMA Y. ALI is an individual who may be served with process at his residence located at 3810 Winona Avenue, San Diego, San Diego County, California, 92105, or wherever he may be found.

4. Defendant FAF INC., is an Ohio corporation authorized to do business in the State of Texas that may be served with process by serving its registered agent, Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company at 6800 Port Road, Groveport, OH 43125 or wherever it may be found.

## III.
## JURISDICTION AND VENUE

5. Venue of this action is proper in Tarrant County, Texas pursuant to Tex. Civ. Prac. & Rem. Code § 15.002 because Tarrant County is where the accident occurred.

A CERTIFIED COPY
ATTEST: 02/16/2018
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Pamela Maples

6. Additionally, this Court has subject matter jurisdiction over this matter because the amount in controversy is within the jurisdictional limits of the Court.

## IV.
## FACTS

7. To the extent not inconsistent herewith, Plaintiff incorporates by reference all of the above facts and paragraphs as if set forth fully herein.

8. On October 18, 2016, Defendant JAMA Y. ALI (hereinafter "Defendant Ali"), while driving a 2016 white Kenworth TT owned by FAF INC., (hereinafter "Defendant FAF INC."), chose to break a number of driver safety rules including failing to yield right of way to Plaintiff. Defendant Ali was traveling southbound in the 1600 block of S. Service Road, Grapevine, Texas, in attempt to turn left at Cross Road, at an unsafe speed, when he, amongst other things, changed lane when unsafe and failed to yield right of way to Plaintiff, striking Plaintiff's vehicle in the front quarter panel.

9. As a direct and proximate result of the wrongful and negligent conduct of Defendant Ali, Plaintiff suffered injuries, and damages within the jurisdictional limits of this court.

## V.
## RESPONDEAT SUPERIOR

10. To the extent not inconsistent herewith, Plaintiff incorporates by reference all of the above facts and paragraphs as if set forth fully herein.


A CERTIFIED COPY
ATTEST: 02/16/2018
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Pamela Maples

11. At the time of the collision described herein, Defendant Ali was the agent, servant and/or employee of Defendant FAF INC. and was acting within the course and scope of his employment as an agent, servant and/or employee of Defendant FAF INC. Defendant Ali was operating the truck with the knowledge, consent and actual permission and/or implied permission of Defendant FAF INC. Therefore, Defendants are jointly and severally liable for Plaintiff's damages under the Doctrine of *Respondeat Superior* because the negligence of an employee, agent and/or representative of Defendants was a proximate cause of the collision and damages described herein.

## VI.
## AGENCY

12. To the extent not inconsistent herewith, Plaintiff incorporates by reference all of the above facts and paragraphs as if set forth fully herein.

13. In addition to and without waiving the foregoing, Plaintiff would show that at the time of the incident mentioned herein, Defendant Ali was the agent of Defendant FAF INC. and was acting within the course and scope of his implied and/or express authority as such agent. Therefore, Defendants are jointly and severally liable for Plaintiff's damages under the Doctrine of *Respondeat Superior.*

## VII.
## JOINT-VENTURE



A CERTIFIED COPY
ATTEST: 02/16/2018
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Pamela Maples

14. At all times mentioned herein, the Defendants were engaged in a joint venture enterprise in that Defendant Ali was enroute to further the business and profits of Defendant FAF INC. Each Defendant shared control of the tractor at the time of the incident described herein. Defendant Ali actually operated the tractor and Defendant FAF INC planned their course of travel, destination and directed the former as to the route and times to be followed in furtherance of their mutual enterprise. Therefore, Defendants Ali and FAF INC are joint and severally liable for Plaintiffs damages described herein.

## VIII.
## NEGLIGENCE OF JAMA Y. ALI

15. Plaintiff would show that on the occasion in question, Defendant Ali was negligent in various acts and omissions, including but not limited to the following, said negligence being the sole proximate cause of the incident in question:

   1. In failing to keep a proper lookout;
   2. In failing to yield the right of way;
   3. In driving the vehicle in willful and wanton disregard for the safety of persons or property in violation of Texas Transportation Code § 545.401, VTCS.



A CERTIFIED COPY
ATTEST: 02/16/2018
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Pamela Maples

4. In that Defendant failed to use reasonable ordinary care to control his speed and stay in his lane, as an ordinary prudent driver would, under the circumstances;

5. In that Defendant failed to keep a safe and assured clear distance away from other vehicles, as a person using ordinary prudent care would have kept;

6. In that Defendant failed to apply their brakes in a timely and prudent manner, or, in the alternative, wholly failed to apply their brakes in order to avoid the collision in question;

7. In that Defendant was inattentive and or allowed himself to be distracted;

8. In failing to anticipate foreseeable hazards as an ordinary prudent driver would under same or similar circumstances;

9. In failing to generally act as an ordinary prudent driver under the same or similar circumstances; and

10. Additionally, the violations of local and state traffic laws constitute negligence per se.

16. Each and all of the above and foregoing acts, both of omission and commission, were negligent and constituted negligence and were each and all, independently and/or concurrently, the sole proximate cause of Plaintiff's injuries and damages.



A CERTIFIED COPY
ATTEST: 02/16/2018
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Pamela Maples

## IX.
## NEGLIGENCE OF FAF INC.

17. To the extent not inconsistent herewith, Plaintiff incorporates by reference all of the above facts and paragraphs as if set forth fully herein.

18. On the occasion in question, Defendant FAF INC. was negligent in various acts and omissions, including the following, said negligence being a proximate cause of the collision in question, to wit:

    a. In the hiring of Defendant Ali;

    b. In failing to properly investigate Defendant Ali's driving ability, prior employment history and driving record;

    c. In failing to properly train Defendant Ali to drive in a safe and prudent manner;

    d. In failing to properly supervise Defendant Ali to ensure that he would operate Defendant's vehicle in a safe and prudent manner;

    e. In failing to make a prudent inquiry into the driving competency of Defendant Ali;

    f. In the reckless employment of Defendant Ali;
    g. In failing to implement safety policies and procedures; and

    h. In failing to enforce safety policies and procedures.

19. Each and all of the above foregoing acts, both of omission and commission, were negligent and constituted negligence, and were each and all, independently and/or concurrently the sole proximate cause of the collision and damages made the basis of this suit, including past and future medical expenses, past and future pain and suffering, past and future mental anguish,

A CERTIFIED COPY
ATTEST: 02/16/2018
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Pamela Maples

property damages, physical impairment, lost income, and lost earning capacity. In addition to each of these damages, Plaintiff also seeks prejudgment and post-judgment interest as well as all compensable court costs.

## X.
## GROSS NEGLIGENCE (ENTRUSTEE)

20. To the extent not inconsistent herewith, Plaintiff incorporates by reference all of the above facts and paragraphs as if set forth fully herein.

21. At the time of the collision in question, Defendant Ali was grossly negligent in operating, driving and maintaining the vehicle involved in the collision made the basis of this suit as described in the above paragraphs. Because said acts and omissions of Defendant Ali were in heedless and reckless disregard for the rights and safety of others, particularly Plaintiff, Plaintiff is entitled to and hereby sues for exemplary or punitive damages. Defendant Ali knew or had reason to know of facts that created a high degree of risk of physical harm to Plaintiff and deliberately proceeded to act in conscience disregard or indifference to that risk. In addition, Defendant Ali knew or had reason to know of facts that created a high degree of risk, but did not realize or appreciate the risk involved, even though a reasonable person in Defendant Ali's position would have appreciated the risk.

## XI.
## NEGLIGENT ENTRUSTMENT


A CERTIFIED COPY
ATTEST: 02/16/2018
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Pamela Maples

22. To the extent not inconsistent herewith, Plaintiff incorporates by reference all of the above facts and paragraphs as if set forth fully herein.

23. At the time of the collision, Defendant FAF INC. owned the vehicle being driven by Defendant Ali who was involved in the collision. Defendant FAF INC. was negligent in entrusting said vehicle to Defendant Ali in that he was an unskilled, incompetent, and reckless driver. Defendant FAF INC. knew or through the exercise of ordinary care, should have known that Defendant Ali was an unskilled, incompetent, and reckless driver. Defendant FAF INC. was therefore negligent in entrusting said vehicle to Defendant Ali and such negligent acts and omissions on the part of Defendant FAF INC. was done with conscious indifference to the rights and safety of others, which was a direct and proximate cause of the collision in question and a producing cause of the damages suffered by Plaintiff, including past and future medical expenses, past and future pain and suffering, past and future mental anguish, property damages, physical impairment, lost income, and lost earning capacity. In addition to each of these damages, Plaintiff also seeks prejudgment and post-judgment interest as well as all compensable court costs.

## XII.

## GROSS NEGLIGENCE OF FAF INC.

24. Plaintiff would show that, at the time of the collision in question, Defendant FAF INC., was grossly negligent in hiring, training, and the supervision of Defendant Ali

A CERTIFIED COPY
ATTEST: 02/16/2018
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Pamela Maples

described in the above paragraphs. Because said acts and omissions of the Defendant FAF INC. was a reckless disregard for the rights and safety of others, particularly the Plaintiffs, the Plaintiffs are entitled to and hereby sues for exemplary or punitive damages. Defendant FAF INC. knew or had reason to know of facts that created a high degree of risk of physical harm to the Plaintiffs, and deliberately proceeded to act in conscience disregard or indifference to that risk.  In addition, Defendant FAF INC. knew or had reason to know of facts that created a high degree of risk, but did not realize or appreciate the risk involve, even though a reasonable person in Defendant FAF INC.'s position would have appreciated the risk.

## XIII.
## EXEMPLARY DAMAGES

25.   To the extent not inconsistent herewith, Plaintiff incorporates by reference all of the above facts and paragraphs as if set forth fully herein.

26.   The acts and/or omissions of Defendants, when viewed objectively from the standpoint of Defendants at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including Plaintiff. Defendants knew or had reason to know of facts that created a high degree of risk of physical harm to Plaintiff and deliberately proceeded to act in conscience disregard or indifference to that risk. In addition, Defendants knew or had reason to know of facts that created a high degree of risk, but did not realize or appreciate the risk involved, even though a reasonable person in Defendants' position would have appreciated the

A CERTIFIED COPY
ATTEST: 02/16/2018
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Pamela Maples

risk. The acts or omissions of Defendants constitute gross negligence, as that term is defined in Texas Civil Practice and Remedies Code Section 41.001(11).

27. The grossly negligent acts and/or omissions of Defendants were a proximate cause of actual damages to Plaintiff in an amount within the jurisdictional limits of this Court, for which Plaintiff seeks judgment.

28. Plaintiff's injuries resulted from Defendants' gross negligence, which entitles Plaintiff to exemplary damages under Texas Civil Practice and Remedies Code Section 41.003(a).

## XIV.
## REQUEST FOR DISCLOSURE

29. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## XV.
## JURY DEMAND

30. Plaintiff respectfully requests that the trial of this cause be by jury, and Plaintiff will tender the requisite fee

## XVI.
## PRAYER

31. For these reasons, Plaintiff asks that the court issue citation for Defendants to appear and answer, and that Plaintiff be awarded a judgment against all defendants for the following:

(1) Past and future medical expenses;


A CERTIFIED COPY
ATTEST: 02/16/2018
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Pamela Maples

(2) Past and future pain and suffering;

(3) Past and future mental anguish:

(4) Property damages;

(5) Physical impairment;

(6) Lost income;

(7) Lost earning capacity;

(8) All other economic damages allowed by law;

(9) Punitive damages;

(10) Pre-judgment and post-judgement interest at the maximum rate allowable by law; and

(11) Costs of Court.

This the 14th day of December 2017.

       Respectfully submitted,

       By: */s/ Hunt E. Bonneau*
       Christopher S. Hamilton
       State Bar No. 24046013
       chamilton@hamiltonwingo.com
       Hunt E. Bonneau
       State Bar No. 00795257
       hbonneau@hamiltonwingo.com
       Paul Wingo
       State Bar No. 24070865
       pwingo@hamiltonwingo.com

       **HAMILTON WINGO, LLP**
       325 N. St. Paul Street, Suite 3300
       Dallas, Texas 75201
       Telephone:  (214) 234-7900
       Facsimile:  (214) 234-7300
       **ATTORNEYS FOR PLAINTIFF**



A CERTIFIED COPY
ATTEST: 02/16/2018
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Pamela Maples

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

*CITATION*  Cause No. 236-296891-17

HILDA OCHOA

VS.

JAMA Y. ALI, ET AL

FILED
TARRANT COUNTY
1/11/2018 4:26 PM
THOMAS A. WILDER
DISTRICT CLERK

TO: FAF INC

B/S REG AGT/CSC-LAWYERS INCORP SVC CO 6800 PORT RD GROVEPORT, OH 43125-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR DISCLOSURE at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 236th District Court ,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

HILDA OCHOA

Filed in said Court on December 14th, 2017 Against

JAMA Y ALI, FAF INC

For suit, said suit being numbered 236-296891-17 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR DISCLOSURE a copy of which accompanies this citation.

HUNT E BONNEAU
Attorney for HILDA OCHOA Phone No. (214)234-7900
Address   325 N ST PAUL ST STE 3300 DALLAS, TX 75201

____Thomas A. Wilder____, Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 5th day of January, 2018.

By *Anthony Ferrara*
ANTHONY FERRARA

A CERTIFIED COPY
ATTEST: 01/05/2018
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Anthony Ferrara

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

OFFICER'S RETURN *236296891117000005*

Received this Citation on the __9__ day of __January__, 2018 at __12:00__ o'clock __P__ M, and executed at __50 W. Broad St. Cols, OH 43215__ within the county of __Franklin__, State of __Ohio__ at __12:15__ o'clock __P__ M on the __10__ day of __January__, 2018 by delivering to the within named (Def.): __F&F, Inc. c/o CSC__ defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR DISCLOSURE, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: __Evkam Cremeans__
County of __Franklin__ State of __Ohio__ By _____ Deputy

Fees $ _____
State of __Ohio__ County of __Franklin__ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said __Evola Cremeans__ before me this __11th__ day of __January__ 2018
to certify which witness my hand and seal of office
(Seal)
County of __Franklin__ State _____

Jeffrey A. Cremeans
Notary Public, State of Ohio
My Commission Expires 6-14-19

* PROCESS SERVER LICENSE NOT REQUIRED IN OHIO.

A CERTIFIED COPY
ATTEST: 02/16/2018
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Pamela Maples

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

## CITATION  Cause No. 236-296891-17

**HILDA OCHOA**

VS.

**JAMA Y. ALI, ET AL**

**TO: JAMA Y ALI**

3810 WINONA AVE SAN DIEGO, CA 92105-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR DISCLOSURE at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 236th District Court ,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

HILDA OCHOA

Filed in said Court on December 14th, 2017 Against
JAMA Y ALI, FAF INC

For suit, said suit being numbered 236-296891-17 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR DISCLOSURE a copy of which accompanies this citation.

HUNT E BONNEAU
Attorney for HILDA OCHOA Phone No. (214)234-7900
Address    325 N ST PAUL ST STE 3300 DALLAS, TX 75201

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 5th day of January, 2018.

By _____ANTHONY FERRARA_____

A CERTIFIED COPY
ATTEST: 01/05/2018
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Anthony Ferrara

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN  *23629689117000004*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at _____ within the county of _____, State of _____ at _____ o'clock ___M on the _____ day of _____, _____ by delivering to the within named (Def.): _____ defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR DISCLOSURE, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy

Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, _____ to certify which witness my hand and seal of office
(Seal)
County of _____, State of _____


A CERTIFIED COPY
ATTEST: 02/16/2018
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Pamela Maples

IN THE DISTRICT COUR OF TARRANT COUNTY ,TEXAS

.CASE NUMBER: 236-296891-17

HILDA OCHOA
Plaintiff

Vs
JAMA Y. ALI and FAF INC
Defendant

## PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        ) ss:
COUNTY OF SAN DIEGO     )

**OSCAR G DE PINERES** , being duly sworn deposes and says: I am over 18 years of age and not a party to this action. I am a resident of San Diego, California.

On JANUARY 1ST , 2018 Received DOCUMENTS the Citation and Petition, **TO BE served** upon **JAMA Y . ALI** at 3810 Winona Avenue, APT 132, San Diego CA 92105. ON JANUARY **15 OF 2018 at 19:25 A.M I Personally Served** Jama Y. Ali

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and this declaration is executed on JANUARY     , 2017 at San Diego, California.

**Hunt Group Services**

**P.O. Box 86925**

**San Diego, Ca 92138**

**619/726-6967**

OSCAR G DE PINERES SDCPS#1099 ,



A CERTIFIED COPY
ATTEST: 02/16/2018
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Pamela Maples

# CALIFORNIA ALL-PURPOSE CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of San Diego

On 1/24/2018 before me, Vanessa De Pineres (Notary Public),
(Here insert name and title of the officer)

personally appeared Oscar G. De Pineres (Process Server),
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

VANESSA DE PINERES
COMM. # 2160296
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
MY COMM. EXP. JULY 18, 2020

_____
Notary Public Signature     (Notary Public Seal)

---

**ADDITIONAL OPTIONAL INFORMATION**

DESCRIPTION OF THE ATTACHED DOCUMENT
Proof of Service
Hilda Ochoa vs. Jama Y Ali + FAF Inc
(Title or description of attached document)
Case # 236296891 17
(Title or description of attached document continued)

Number of Pages 1   Document Date 1/15/18

CAPACITY CLAIMED BY THE SIGNER
☐ Individual(s)
☐ Corporate Officer
_____
(Title)
☐ Partner(s)
☐ Attorney-in-Fact
☐ Trustee(s)
☐ Other _____

INSTRUCTIONS FOR COMPLETING THIS FORM
*This form complies with current California statutes regarding notary wording and, if needed, should be completed and attached to the document. Acknowledgments from other states may be completed for documents being sent to that state so long as the wording does not require the California notary to violate California notary law.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they, is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  ❖ Indicate title or type of attached document, number of pages and date.
  ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document with a staple.

A CERTIFIED COPY
ATTEST: 02/16/2018
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Pamela Maples

# Civil Docket

Discovery: 3

236-296891-17

Cause Of Action: INJURY OR DAMAGE, INVOLVING MOTOR VEHICLE

| Date Filed | NAMES OF PARTIES | ATTORNEYS |
|---|---|---|
| 12/14/2017 | HILDA OCHOA | BONNEAU, HUNT E |
| Jury 12/14/2017 | | 325 N ST PAUL ST |
| Fee $40.00 | | STE 3300 |
| | vs. | DALLAS, TX 75201 |
| | | BarID: 00795257TX   Ph (214)234-7900  PLTF |
| | | Fax Ph (214)234-7300 |
| | | HAMILTON WINGO, LLP |
| | | HBONNEAU@HAMILTONWINGO.COM |
| Paid HILDA | JAMA Y. ALI, ET AL | |
| By OCHOA | | |

Date of Orders    ORDERS OF COURT    Was Steno Used?

236-296891-17

A CERTIFIED COPY
ATTEST: 02/16/2018
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Pamela Maples